Daniel M. Wyner, Esq. Informal Opinion County Attorney No. 2004-11 County of Wayne Wayne County Courthouse 26 Church Street Lyons, New York 14489
Dear Mr. Wyner:
You have requested an opinion as to whether a certificate of honorable discharge filed by a veteran with the county clerk pursuant to Military Law § 250 is a sealed record. If the filed certificate is considered a sealed record, you further inquire whether the clerk may provide copies to the family members listed in that statute and what proof should be required of persons seeking such copies. Your inquiry stems from concerns about identity theft, since these certificates contain personal identifying information about the veteran. We conclude that a filed certificate of honorable discharge becomes sealed at the request of the veteran pursuant to Civil Rights Law § 79-g, and once sealed may be made available only to the veteran or, as provided for in that statute, an agent or representative of the veteran, or the representative of a deceased veteran's estate.
Statutory Background
The recording of honorable discharge certificates, and public access thereto, are governed by two statutes: Military Law § 250
and Civil Rights Law § 79-g.
Unlike most documents filed with the county clerk, the recording of an honorable discharge certificate serves a personal purpose. Veterans may need honorable discharge certificates to obtain government benefits or for other similar reasons. The Legislature enacted Military Law § 250 to provide the veteran with a method for protecting the valuable document against loss or destruction and ensuring that an official copy of the certificate will be available when needed. See 1966 Op. Att'y Gen. (Inf.) 173; Bill Jacket to ch. 751, at 4, 8 (1968).
Military Law § 250 accordingly permits a veteran to record a certificate of honorable discharge with the county clerk, without payment of a filing fee, and to obtain certified copies of the filed certificate without charge. The statute directs that a certified copy of the certificate may be used in lieu of an original for any purpose in the State. Military Law § 250. The county clerk is also required to provide certified copies without charge to specified family members of the veteran — a parent, spouse, dependent or child. Id.[1]
Following the enactment of Military Law § 250, commercial entities sought access to the personal information in the recorded certificates. Because of the personal nature of the filing, the issue arose whether a recorded certificate should be treated as a public record. In 1966, this office opined that a county clerk may refuse to disclose the contents of the certificate to those who have a purely commercial interest in them, since such disclosure would not be for the veteran's benefit. 1966 Op. Att'y Gen. (Inf.) 173. Uncertainty as to the status of recorded certificates and inconsistency among county clerks in allowing public access to them continued, however, prompting a legislative solution.
In 1968, the Legislature enacted Civil Rights Law § 79-g "to provide a veteran who has filed a certificate of honorable discharge in the office of the county clerk . . . with the right to direct the county clerk to keep such paper sealed and confidential." Memorandum of Assembly Sponsor, reprinted in 1968N.Y.S. Legislative Annual 36. Civil Rights Law § 79-g provides:
 (a) Notwithstanding the provisions of any general, specific or local law to the contrary, any person filing a certificate of honorable discharge in the office of a county clerk shall have the right to direct the county clerk to keep such record sealed.
 (b) Thereafter, such certificate shall be made available to the veteran, a duly authorized agent or representative of such veteran or the representative of the estate of a deceased veteran but shall not be available for public inspection.
Under this statute, when the veteran[2] requests that the recorded certificate be sealed, the County Clerk may not permit public inspection of its contents, but may permit appropriate persons — the veteran, his agent or representative, or the representative of his estate — to examine or obtain a copy of the certificate. Section 79-g thus lets the veteran protect the information in the recorded certificate from use for improper or commercial purposes, while continuing to provide access to the certificate by the veteran and an appropriately designated agent or representative acting on the veteran's behalf.
Analysis
The question whether an honorable discharge certificate recorded with the county clerk should be considered a sealed record is thus answered by Civil Rights Law § 79-g, which speaks directly to the sealing of these records and is the later legislative enactment. As that statute provides, the record must be sealed in accordance with the veteran's request. Conversely, because the Legislature has chosen to provide veterans with a specific means to ensure the privacy of a recorded honorable discharge certificate and its contents, we believe that when the veteran has not requested that the certificate be sealed, public access to a certificate recorded pursuant to Military Law § 250 is permitted, consistent with any other laws governing access to records filed with the county clerk. The Committee on Open Government has reached a similar conclusion in determining that such records, if not sealed, may be subject to disclosure under the New York State Freedom of Information Law.[3] See Op. Comm. on Open Gov't FOIL-AO-8954.
We note that the conclusion that Military Law § 250 does not limit public access to a recorded certificate that has not been sealed may leave previously filed certificates vulnerable to improper use unless veterans are made aware of their rights and take action to have the record sealed. Further legislative action may thus be necessary to ensure that the Legislature's initial intention of protecting the privacy rights of veterans is fulfilled. We also note that county clerks may assist in protecting the confidentiality of newly filed certificates by advising veterans who seek to file their certificates of their statutory right to have the record sealed.
You have also asked whether the persons listed in Military Law § 250 are entitled to copies of the honorable discharge certificate when the record has been sealed, and what proof the clerk should require of such persons. Although both Military Law § 250 and Civil Rights Law § 79-g enumerate persons, in addition to the veteran, who are entitled to copies of or access to the information contained in the recorded certificates, the rights flowing from these statutes differ. Civil Rights Law § 79-g
governs who is entitled to access the recorded certificate when it has been sealed, while Military Law § 250 gives certain persons a right to obtain copies free of charge. Reading the two statutes together, we believe the family members specified in Military Law § 250 are entitled to a copy of the filed certificate only if the certificate has not been sealed or, when it has been sealed, only if they qualify as an authorized agent or representative of the veteran or the veteran's estate. Thus, in determining whether a person other than the veteran may have access to a sealed honorable discharge certificate, the county clerk should request proof that the individual is an authorized agent or representative of the veteran or the veteran's estate.
We recognize that the purpose of extending to immediate family members the right to obtain free copies of the certificate was to make it easier for such persons to obtain benefits. See
Memorandum of Senate Sponsor (July 16, 1987), reprinted in Bill Jacket for ch. 648 (1987), at 5. However, nothing in the language of this amendment or its legislative history indicates that it was intended to affect the confidentiality standards applicable to sealed certificates under Civil Rights Law § 79-g.[4] That statute by its terms evidences a clear legislative intent to protect the veteran's right to privacy by allowing the veteran to seal the filed certificate and to designate those who may then have access to it. For this reason, we conclude that only the veteran, or a duly authorized agent or representative of the veteran or the veteran's estate, may obtain a copy of an honorable discharge certificate that has been sealed under Civil Rights Law § 79-g.
Conclusion
When veterans, pursuant to Civil Rights Law § 79-g, direct that their certificates of honorable discharge be sealed, the certificates are exempt from public inspection, except by those persons specifically enumerated in section 79-g(b). Persons listed in Military Law § 250 who are eligible to receive certified copies of the certificates of honorable discharge free of charge are nonetheless prohibited access to a sealed certificate, unless they are entitled to access under Civil Rights Law § 79-g as the veteran's representative or agent, or representative of the veteran's estate.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General In Charge of Opinions
[1] Military Law § 250 provides in full:
Any certificate issued after [April 6th, 1917], of the honorable separation from or service in the armed forces of the United States of any veteran, male or female, may be recorded in any one county, in the office of the county clerk, and when so recorded shall constitute notice to all public officials of the facts set forth therein. It shall be the duty of the county clerk to record the certificate upon presentation thereof without the payment of any fee. For any purpose for which the original certificate may be required in the state of New York, a certified copy of the record shall be deemed sufficient and shall be accepted in lieu thereof. Notwithstanding any inconsistent provisions of law, it shall be the duty of the county clerk for each county, to furnish without charge to any veteran, or parent, spouse, dependent or child of the veteran, a certified copy of the certificate of the veteran so recorded in the office of the county clerk. The provisions of this section also apply to the counties within the city of New York.
[2] Although the statute provides that "any person" filing the certificate may direct that the record be sealed, the legislative history indicates that at the time of the provision's enactment it was contemplated that the filing, and the request to have the record sealed, would be done by the veteran. See Memorandum of Senate Sponsor, reprinted in Bill Jacket for ch. 751 (1968), at 4 (describing purpose of bill as permitting veteran to indicate record should be kept confidential at time veteran files certificate); Memorandum of Assembly Sponsor, reprinted in 1968N.Y.S. Legislative Annual 36 (purpose of bill is to permit veteran to direct that certificate be sealed); Memorandum of Attorney General (May 31, 1968), reprinted in Bill Jacket for ch. 751 (1968), at 5 (pointing out that reference to "any person" is ambiguous, but is reasonably interpreted as referring to the veteran in light of subsequent statutory language).
[3] Our interpretation of Military Law § 250 is also consistent with the view expressed by Counsel for the Division of Military and Naval Affairs, whom we consulted about your request.
[4] There is simply no discussion of sealed certificates or Civil Rights Law § 79-g in the legislative history to this amendment.